**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONYA R. AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-714 SRW |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Tonya R. Akins's Petition for Attorney's Fees

pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 33. On

January 10, 2022, this Court reversed the Commissioner's decision and remanded Plaintiff's case

for further proceedings. Plaintiff now seeks attorney's fees in the amount of Four Thousand,

Nine Hundred and Fifty-Three Dollars ($4,953.00). This amount is based on 25.4 hours of

attorney work at $195.00 per hour. Plaintiff requests compensation at the statutory hourly rate of

$125.00, plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d). Plaintiff further

requests, in the event she does not owe a pre-existing debt to the government, the award of

attorney's fees be made payable to Traci L. Severs based upon the Assignment of EAJA Fee

agreement. *See* ECF No. 33-2.

The Commissioner filed a response which states he has no objection to Plaintiff's request

for attorney's fees under the EAJA in the amount of $4,953.00 to be paid by the Social Security

Administration. ECF No. 34. However, the Commissioner asserts "the EAJA fee is payable to

Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant

owes to the United States." *Id.*

The Court has reviewed Plaintiff's Petition for Attorney's Fees pursuant to the EAJA,

and concludes the statutory requirements are met. By Order and Judgment of Remand dated

January 10, 2022, the Court remanded this case to defendant Commissioner for further

proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 31, 32. A claimant

seeking judicial review of a final decision denying Social Security disability benefits may

recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*,

509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum

statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living

or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28

U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at

the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The

hourly rate should be increased, however, where there is "uncontested proof of an increase in the

cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as

the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this

case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No.

33 at 2-3. The Court agrees with Plaintiff that a cost-of-living increase is appropriate as

requested.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the

Court finds she is entitled to attorney's fees in the amount of Four Thousand, Nine Hundred and

Fifty-Three Dollars ($4,953.00). Despite Plaintiff's request for the Court to make the fee payable

directly to Traci L. Severs, as an assignee, the Court must instead make the fee payable to

Plaintiff as the litigant. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are

payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed

to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at

*1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be

made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1

(E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the

execution of an assignment agreement).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Tonya R. Akins's Petition for Attorney's Fees

pursuant to the Equal Access to Justice Act [ECF No. 33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security

Administration shall pay attorney's fees under the Equal Access Justice Act in the amount of Four

Thousand, Nine Hundred and Fifty-Three Dollars ($4,953.00).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to

Plaintiff Tonya R. Akins, subject to any pre-existing debt which the Plaintiff owes the United

States, and the check should be mailed to Plaintiff's counsel at Traci L. Severs, LLC, P.O. Box

621, Manchester, Missouri 63021.

So Ordered this 7th day of April, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

3